UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SALVADOR VILLEGAS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-58-AGF |
| ) | |
| NICK BECKER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of a letter filed by plaintiff Salvador Villegas, Jr., a pre-trial detainee.[1] For the reasons explained below, plaintiff will be given the opportunity to file an amended pleading.

### **Background**

Plaintiff initiated this civil action on March 17, 2020, by filing documents indicating an intent to bring an action pursuant to 42 U.S.C. § 1983. None of the documents he submitted were on Court-provided forms, as required by the Local Rules of this Court. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Additionally, he neither paid the filing fee, nor filed an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* 28 U.S.C. § 1915(a). On May 18, 2020, the Court entered an order directing him to file an amended complaint on the proper form, and to either pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs.

---

[1] [1] Review of Missouri CaseNet, the State of Missouri's online docketing system, shows that plaintiff is a criminal defendant in a case currently pending in Bollinger County, Missouri. *See State v. Salvador Villegas,* No. 20BO-CR00040-01 (32nd Jud. Cir. Feb. 26, 2020). In that case, plaintiff is charged with delivering or possessing a weapon at a jail, a class B felony.

To date, plaintiff has not complied with that order. The instant filing is a long and rambling letter in which plaintiff complains about state criminal matters and alleged wrongdoing by law enforcement officers. It is unclear whether plaintiff received the Court's May 18, 2020, order. In the letter, he writes "please help me," but it is unclear what form of relief he intends to seek.

## Discussion

The federal civil rights statute, 42 U.S.C. § 1983, allows prisoners and non-prisoners to file an action in federal court to seek monetary relief for unconstitutional treatment by persons acting under color of state law. The federal habeas statute, 28 U.S.C. § 2241, allows pre-trial detainees to seek a petition for writ of habeas corpus. However, these statutes differ in both scope and operation.

Under 42 U.S.C. § 1983, a person may seek various forms of relief, including monetary relief, for civil rights violations committed by persons acting under color of state law. Claims typically brought under § 1983 involve the conditions of a person's confinement or alleged wrongdoing by law enforcement officers.  Under 28 U.S.C. § 2241, a pre-trial detainee may seek a writ of habeas corpus. Monetary relief is not available under § 2241, and federal courts exercise pre-trial habeas jurisdiction only where extraordinary or special circumstances exist and where the petitioner has exhausted, or used up, the remedies that are available to him under state law.

Sometimes when the exact nature of a case is unspecified, a court can look to the relief requested to determine whether the action is one filed pursuant to § 1983 or § 2241. As indicated above, if the pleader seeks monetary relief for civil rights violations committed by persons acting under color of state law, the case is most likely a § 1983 action. However, if the pleader is a pre-trial detainee who claims he is being held in violation of his federally-protected rights and seeks something other than monetary relief, the action is most likely one brought pursuant to § 2241. In

the case at bar, it is unclear what plaintiff's claims are, and what type of relief he seeks. Rather than speculate as to the type of action plaintiff intends to initiate, the Court will allow him to file an amended pleading and will provide him with the forms necessary to bring a prisoner civil rights action pursuant to 42 U.S.C. § 1983, and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

If plaintiff wishes to file an action pursuant to § 1983, he must either pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs. If plaintiff chooses to file an Application to Proceed in District Court Without Prepaying Fees or Costs, he must also file a certified copy of his inmate account statement.

Plaintiff must also follow these instructions. In the "Caption" section of the Prisoner Civil Rights complaint form, plaintiff should write the name of the person he intends to sue. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a <u>short and plain</u> statement of the facts that support his claim or claims against that defendant. It is important that plaintiff allege facts explaining how the defendant was personally involved in and directly responsible for harming him. Each statement of fact must be simple, concise, and direct. Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.

If plaintiff wishes to file a petition pursuant to § 2241, he must either pay the $5 filing fee or file a completed Motion to Proceed in Forma Pauperis and Affidavit in Support. Plaintiff should carefully read the instructions on the form petition and fully complete it. Plaintiff is reminded that monetary relief is not available under § 2241, and that federal courts exercise pre-trial habeas jurisdiction only where extraordinary or special circumstances exist and where the petitioner has exhausted, or used up, the remedies that are available to him under state law.

As a final matter, plaintiff is advised that, while he may initiate a § 1983 action and a § 2241 action separately, he may not seek both forms of relief in a single action. Plaintiff is also advised that he may not communicate with the Court by writing letters, and that he may not make changes to any previously-filed document by filing additional or supplemental documents. Instead, any § 1983 action or § 2241 action must be filed as a single comprehensive pleading that clearly sets forth the claims he wishes to bring before this Court, and clearly states what relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and the Court's Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a copy of the Court's Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases form.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this order, plaintiff shall file an amended pleading on the appropriate form, accompanied by either the specified filing fee or the appropriate motion for leave to proceed without such fee and supporting documentation.

**Plaintiff's failure to timely comply with this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 4th day of June, 2020.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE